# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:11-CR-98 |
| | § | |
| TERRAN TERRELL JOE | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed September 2, 2014, alleging that the Defendant, Terran Terrell Joe, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Terran Terrell Joe was sentenced on February 21, 2012, before Marcia A. Crone, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of illegal receipt of a firearm by a person under indictment, a Class D felony and possession with intent to distribute less than 28 grams of cocaine base, a Class C felony. These offenses carried a statutory maximum imprisonment term of 5 years and 20 years, respectfully. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of I, was 18 to 24 months. Terran Terrell Joe was subsequently sentenced to 24 months of imprisonment followed with 3 years

supervised release on each offense to be served concurrently and subject to the standard conditions of release, plus special conditions to include financial disclosure, obtain his GED, refrain from the use of any intoxicant unless prescribed by a physician, drug aftercare, and a $100 special assessment.

## II.  The Period of Supervision

On April 8, 2013, Terran Terrell Joe completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on September 2, 2014, alleging one allegation against Joe: he was unsuccessfully discharged from Bannum Place of Beaumont on August 25, 2014 in violation of his special condition that he reside in a residential reentry center for a period of 180 days upon release from confinement.

## IV.  Proceedings

On September 22, 2014, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition.  The Defendant agreed to plead "true" to the allegation in the petition.  The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of five (5) months and forty-one (41) days' imprisonment (which includes his forty-one (41) days of unserved home confinement), with no term of supervised release to be imposed after release.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offenses of convictions were a Class C and D felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to successfully complete 180 days of community confinement in a residential reentry center, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. According to U.S.S.G. § 7B1.4(a), in the case of revocation of supervised release based upon a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may

be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(c)(3), in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended. The Defendant had 41 days of unserved community confinement remaining.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. The Defendant served 139 days in community confinement and failed to complete the remaining 41 days before being unsuccessfully discharged from the program on August 25, 2014. Therefore, those 41 days of unserved time are converted to an equivalent period of imprisonment and included in the Defendant's 5 month and 41 days sentence of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see also</u> 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the first allegation that he failed to successfully complete 180 days of community confinement in the Bannum Place of Beaumont. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is I. Policy guidelines suggest 3 to 9 months' imprisonment. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of five (5) months and forty-one days' imprisonment (which includes his 41 days of unserved community confinement), with no term of supervised release to be imposed after release.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he failed to successfully complete 180 days of community confinement at Bannum Place of Beaumont. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of imprisonment of five (5) months and forty-one (41) days' imprisonment (which includes his 41 days of unserved community confinement), with a no term of supervised release to be imposed after release. The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Beaumont, Texas. The undersigned requests the court to recommend this facility to the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 23rd day of September, 2014.

_____
Zack Hawthorn
United States Magistrate Judge